UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

IVAN MONGE LA FOSSE, et al.,

    Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Doral Bank,

    Defendant.

Civil No. 3:15-CV-01638 (JAF)

## **REMAND ORDER**

In March 2013, plaintiffs Iván Monge-La Fosse, his wife Sadie Lois Alicea, and their conjugal partnership, commenced this action by filing, in the Court of First Instance, Superior Court of Carolina, a complaint against then-defendant Doral Bank, seeking to vacate a final judgment, which the Court had entered for the bank in an earlier mortgage-foreclosure suit between the parties, on the ground that the bank did not have standing to foreclose. (ECF No. 11-1.) The complaint does not identify a cause of action in Puerto Rico law that allows the losing party in an earlier suit to vacate that judgment by means of a new action against the prevailing party. (*See* ECF No. 11-1.) In May 2013, Doral Bank moved the Court to dismiss the complaint on the ground that Puerto Rico law does not provide for such collateral attacks on a final judgment. (ECF No. 11-2 at 1-10.) The record does not indicate whether the Court ruled on the motion. On February 27, 2015, with the action still pending, the Office of the Commissioner of Financial Institutions of Puerto Rico closed Doral Bank and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. (ECF No. 4 ¶ 2.) *See United States* v. *Maisonet-González*, 785

F.3d 757, 759 n.2 (1st Cir. 2015) (confirming the dates of the closure of Doral Bank and the appointment of the FDIC as receiver).

On May 29, 2015, the FDIC removed the action to this court under 12 U.S.C. § 1819(b)(2)(B), which lets it "remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date . . . the Corporation is substituted as a party."[1]  (ECF No. 4 ¶ 7.) On June 4, 2015, the FDIC moved the court to stay proceedings for ninety days under 12 U.S.C. § 1821(d)(12). (ECF No. 6.) The court granted the motion five days later on the condition that the parties file a status report every thirty days. (ECF No. 7.) No report was ever filed. On June 15, 2015, plaintiffs moved the court to remand the action to the Court of First Instance under the state-law exception in 12 U.S.C. § 1819(b)(2)(D). (ECF No. 8.) On July 1, 2015, the FDIC opposed the motion on the ground that remand is disallowed because the FDIC has "several colorable federal defenses" that it "may raise in the instant case." (ECF No. 10 at 5.)

On October 27, 2015, plaintiffs replied that remand is warranted because the FDIC does not have any colorable federal defenses. (ECF No. 14.) On November 23, 2015, the FDIC reiterated its claim that the court has subject-matter jurisdiction over the action due to the FDIC's alleged federal defenses. (ECF No. 16.) The FDIC then raised one of

---

[1] The notice of removal was filed ninety-one days after the FDIC's appointment as receiver. In the notice, the FDIC does not allege when it was substituted for Doral Bank as a party to the action. (*See* ECF No. 4.) The court takes judicial notice that February 27, 2015, was a Friday. Thus, unless the FDIC moved for, and was granted, substitution on the same day it was appointed as receiver, the removal was timely. Plaintiffs do not contest the timeliness of the removal. Accordingly, the court assumes it.

those defenses, plaintiffs' alleged failure to exhaust their administrative remedies under 12 U.S.C. § 1821(d), as a reason to dismiss the action. (ECF No. 16 at 8-10.)

The parties agree that whether the action should be remanded to the Court of First Instance depends on whether the action falls under the exception to the special removal statute that the FDIC used to bring the case before this court. (ECF Nos. 8 at 4-8; 10 at 3-5; 14 at 8-18; 16 at 3-6.) The exception covers:

> any action –
>   (i) to which the [FDIC], in the [FDIC]'s capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
>   (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
>   (iii) in which only the interpretation of the law of such State is necessary . . .

*Capizzi* v. *Fed. Deposit Ins. Corp.*, 937 F.2d 8, 9 (1st Cir. 1991) (quoting 12 U.S.C. § 1819(b)(2)(D)). The parties further agree that the action satisfies the first two prongs of the exception. (ECF Nos. 8 at 7-8; 10 at 4 & n.1; 14 at 11; 16 at 4 & n.1.) Thus, the decisive issue is whether "only the interpretation of the law of [Puerto Rico] is necessary" to resolve the action. *See* 12 U.S.C. § 1819(b)(2)(D)(iii).

The answer to that question is obvious. Whether plaintiffs may collaterally attack the final judgment of a Puerto Rico court on standing grounds involves the interpretation of only Puerto Rico law. *See Lundborg* v. *Phoenix Leasing*, 91 F.3d 265, 271 (1st Cir. 1996) ("our concern is with [state] law because a federal district court in [that state] has been asked to permit a collateral attack on a . . . state court judgment"); *De J. Cordero* v. *Prensa Insular de Puerto Rico, Inc.*, 169 F.2d 229, 232-33 (1st Cir. 1948) (standing under

a Puerto Rico statute is a "question of local law").  In any event, even if plaintiffs' attack on the Commonwealth court's judgment had implicated a federal question,[2] the "*Rooker-Feldman* doctrine precludes 'the losing party in state court [from filing] suit in federal court after the state proceedings [have] ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'"  *Coggeshall* v. *Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 663 (1st Cir. 2010) (alterations in original) (quoting *Exxon Mobil Corp.* v. *Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)).  The doctrine "precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority."  *Exxon Mobil Corp.*, 544 U.S. at 291.  Accordingly, the court does not have subject-matter jurisdiction over the case because the case falls under the jurisdictional exception for state-law actions in 12 U.S.C. § 1819(b)(2)(D).  Even if that exception did not apply, the court also lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine.

In sum, the court hereby **GRANTS** plaintiffs' motion to remand the action to the Court of First Instance, Superior Court of Carolina, Case No. FAC-2013-1352 (406), entitled "Iván Monge La Fosse, et al. v. Doral Bank."

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 28th day of December, 2015.

                                                   S/José Antonio Fusté
                                                   JOSE ANTONIO FUSTE
                                                   U. S. DISTRICT JUDGE

---

[2] The court finds that the FDIC's alleged federal defenses to the action are not colorable because those defenses – exhaustion of administrative remedies under 12 U.S.C. § 1821(d), the D'Oench doctrine in 12 U.S.C. § 1823(e), the bar against penalties under 12 U.S.C. § 1825(b)(3), and the liability cap under 12 U.S.C. § 1821(i)(2) – do not apply to a collateral attack on a state-court judgment on standing grounds.